I respectfully dissent from the majority's opinion in this case. I do not believe the letter submitted, by appellants, to counsel for Doreen Parks, constituted a claim against the estate for purposes of commencing the running of the statute of limitations contained in R.C. 2117.12. I believe for the running of the statute of limitations to commence, under R.C. 2117.12, the presenter of a claim must have the intent and knowledge that he or she is presenting a claim.
The letter in question, in the case sub judice, contains the following statement:
 In the event my clients can work out an understanding with Mrs. Parks, as owner of the building, to occupy the building and operate the pizza business, I do not believe that my clients would be inclined to file a claim against the Estate for the monies of which they were defrauded. That issue would be addressed directly with Mrs. King. (Emphasis added.)
Pursuant to the above language, I find appellants were indicating an "intent" to present a claim if they could not settle the issues presented in their letter. I would categorize the letter as an attempt to settle instead of a presentation of a claim under R.C. 2117.12. I believe the burden is on the estate to prove that appellants intended to submit a claim and did so by presenting the letter of June 20, 1995.
The converse of the issue would be if a presenter did not comply with the statute for presentation of a claim and the executor denied the claim was presented. Under that fact situation, the presenter would have the burden of proving that he or she presented a valid claim. In the matter currently before the Court, I do not believe appellees met their burden of proof and failed to establish that a claim was presented under R.C.2117.12. Therefore, I would not find that appellants are barred, by the statute of limitations, from filing their claim.
HON. JOHN W. WISE
For the reasons stated in the Memorandum-Opinion on file, the summary judgment of the Ashland County Common Pleas Court is affirmed. Costs to appellants.